UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re
         DAVID N. CHRISTOFARO,         04-17349 B

                 Debtor         **DECISION & ORDER**
------------------------------------------------------
CORTESE BROTHERS, INC.,

                 Plaintiff

      v.         AP 05-1047 B

DAVID CHRISTOFARO,

                 Defendant
------------------------------------------------------

                      Colucci & Gallaher, P.C.
                      Ryan L. Gellman, Esq., Of Counsel
                      2000 Liberty Building
                      424 Main Street
                      Buffalo, New York 14202
                      Attorneys for Plaintiff

                      Robert R. Goods, Esq.
                      5140 Main Street, Unit 303-158
                      Williamsville, New York 14221
                      Attorney for Debtor/Defendant

Bucki, U.S.B.J.

        In this Adversary Proceeding, Cortese Brothers, Inc., seeks a determination that its claim against a former employee is non-dischargeable as a debt obtained by false pretenses, a false representation, or actual fraud. The central issue is whether the debtor falsely represented an intent to reimburse at the time that he acquired goods by using the credit of his employer.

        On September 30, 2004, David N. Christofaro filed a petition for relief under chapter 7 of the Bankruptcy Code. In schedules filed with that petition, Mr. Christofaro acknowledged an outstanding debt to Cortese Brothers, Inc., in the amount

of $11,000. Prior to entry of an order of discharge, however, Cortese Brothers, Inc., commenced the present adversary proceeding to determine the dischargeability of the obligation. This court conducted a trial of the matter on September 25, 2006, and has allowed the parties to stipulate to the post-trial submission of additional documentary evidence. I have also reviewed post-trial memoranda that the parties filed in January of 2007.

The parties have contested many of the relevant facts of this case. In evaluating all of the conflicting evidence, I have duly considered both the content of testimony and the demeanor and credibility of each witness. In assessing credibility, I observed contradictions as between documentary proof and testimony, especially with regard to circumstances surrounding the debtor's execution of a promissory note. Now, after a review of every item of proof, I make the findings of fact that are recited herein.

Cortese Brothers, Inc. ("Cortese"), operates a construction business, with a particular focus on home improvement. In conducting this activity, Cortese has developed relationships with suppliers who allow contractors to purchase items at a reduced price. As a courtesy, Cortese allows its employees to buy materials for their personal use through the corporation. In this way, the employee receives the benefit of the contractor's discount. As a condition for this privilege, however, employees must reimburse Cortese within thirty days for the cost of their purchases.

Around May of 2000, David N. Christofaro undertook to remodel a house that he had recently purchased at 36 Mona Court in Depew, New York. Being an employee of Cortese at that time, Christofaro placed orders under his employer's name for a large quantity of building materials. The suppliers then billed Cortese, which satisfied the outstanding invoices and notified Christofaro of the amount that he should

pay as reimbursement. Altogether, Christofaro used his employer's good credit to buy material having a discounted price of more than $11,000. This sum greatly exceeded the value of purchases by other employees.

Contrary to the understanding of the parties, Christofaro failed to indemnify Cortese within thirty days of his purchases. Nor did he satisfy his debt even after many requests for payment. Dominic Cortese, the president of Cortese Brothers, then met with Christofaro on December 21, 2000. As a result of this meeting, Christofaro signed a promissory note payable in thirty days, for his then outstanding obligation in the amount of $8,686.40. Soon after signing the note, however, Christofaro ceased working for Cortese. In June of 2001, after having received no payments on the note, Cortese commenced an action in Buffalo City Court to collect the principal balance with accrued interest. Ultimately, on November 16, 2001, Cortese obtained a default judgment against Christofaro for the sum of $9,409.44.

The present adversary proceeding presents no issue regarding the existence of a liability. Christofaro acknowledged the indebtedness when he signed the promissory note on December 21, 2000, and this court must give full faith and credit to the judgment which resulted from the action on that note. Rather, the sole issue for this court is whether the debt is dischargeable under 11 U.S.C. § 523.

Section 523(a) of the Bankruptcy Code provides that a discharge in chapter 7 "does not discharge an individual debtor from any debt . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." To establish fraud under section 523(a)(2)(A), a creditor must satisfy a five part test by a preponderance

of the evidence. Specifically, he must show: (1) that the debtor made a representation; (2) that the debtor knew the representation to be false; (3) that the debtor intended to deceive the creditor; (4) that the creditor justifiably relied upon that representation; and (5) that the creditor suffered damage as a proximate result of its reliance upon the misrepresentation. *In re Lokotnicki*, 232 B.R. 583 (Bankr. W.D.N.Y. 1999). For the reasons stated hereafter, I find that Cortese has satisfied each of these requirements.

**1. Christofaro represented an intent to pay.**

Upon placing an order for delivery of material to his personal residence, Christofaro impliedly represented an intent to reimburse his employer. In this regard, the indebtedness is like a credit card obligation. In *Bank of America v. Jarczyk*, 268 B.R. 17 (W.D.N.Y. 2001), the District Court established the controlling standard, namely "that a representation of intent to pay is made upon card *use*." 268 B.R. at 22 (emphasis in original). Similarly, in the present instance, use of the employer's credit carried an implied representation of intent to reimburse for the cost of the debtor's purchase. The evidence at trial showed that Christofaro knew his employer's policy to allow purchases on condition that payment occur within thirty days. When he arranged for delivery of supplies, therefore, Christofaro represented his intent to repay according to those terms.

**2. Christofaro knew his representation was false, and (3) intended to deceive Cortese.**

Using his employer's credit, Christofaro purchased supplies having a value of more than $11,000. This sum greatly exceeded the debtor's monthly income. In as much as Cortese required repayment within thirty days, Christofaro would necessarily have known whether he had the ability to repay. Obviously, he did not have that ability and could not have intended to fulfill his promise of timely reimbursement. Ability to repay is a concept distinct from intent to repay. However, as noted by the District Court

in *Bank of America v. Jarczyk*, 268 B.R. at 23, "a complete lack of ability to repay is one factor that may be considered in determining the debtor's subjective state of mind . . . ." Here, when considered with the requirement for nearly immediate repayment, the ultimate inability to repay demonstrates the requisite intent. For these reasons, I find that Christofaro knew the falsity of his representation, but nonetheless ordered materials with an intent to deceive Cortese.

### 4. Cortese justifiably relied upon Christofaro's representation.

To enable its employees to enjoy a contractor's discount on their personal purchases of building supplies, Cortese established a simple program having minimal administrative costs. Necessarily, the program's success depended upon a commitment by each participant to reimburse Cortese within thirty days. Because this commitment speaks to the essence of the program, Cortese was fully justified in its reliance on Cristofaro's representation of his intent to repay.

### 5. Christofaro's false representation has caused Cortese to suffer financial loss.

Based on his representation of an intent to repay, Cortese allowed Christofaro to purchase supplies having a discounted value in excess of $11,000. On account of the unpaid balances due for these purchases, Cortese has already obtained a pre-petition judgment against Christofaro for the sum of $9,409.44. Thus, Christoraro's false representation has proximately caused a loss for this amount, together with such further interest as may accrue under state law on that judgment.

By a preponderance of the evidence, therefore, Cortese has established that it holds a valid claim to recover the value of property obtained by actual fraud. Accordingly, Christofaro's debt to Cortese is nondischargeable under 11 U.S.C. § 523(a)(2)(A). For these reasons, this court will grant judgment declaring that David

N. Christofaro remains liable to Cortese Brothers, Inc., for the full amount due on its prior judgment in the amount of $9,409.44, plus interest thereon, together with the costs of this action. Although the complaint further requests an award of attorney's fees, the plaintiff has failed to establish any special grounds for such recovery. Thus, the judgment of this court will be limited to the recovery indicated herein.

    So ordered.

Dated:    Buffalo, New York       /s/   CARL L. BUCKI
           February 2, 2007                U.S.B.J.